# MARCH, 1936

W. P. SCOTT ET UX. V. GEORGE W. HEWITT.

No. 6550.   Decided February 5, 1936.
Rehearing overruled March 4, 1936.
(90 S. W., 2d Series, 816.)

*Stevens & Stevens,* of Houston, for appellants.

The mortgagors, upon foreclosure of the deed of trust, did not become tenants at will of the purchaser. Francis v. Holmes, 118 S. W., 881.

*Harry W. Freeman,* of Houston, for appellee.

On the question of the relationship of landlord and tenant. Griffith v. Brackman, 97 Tenn., 387, 37 S. W., 273; Purcell v. Barnett, 30 Okla., 605, 121 Pac. 231; Brewster v. McNab, 36 So. Car., 274, 15 S. E. 233.

Mr. Justice SHARP delivered the opinion of the court.

This case is before us on certified questions from the Court of Civil appeals at Galveston. The certificate reads as follows:

"This was an action for forcible detainer and for rents instituted in the justice court of Harris County, Texas, Precinct No. 2, by George W. Hewitt against W. P. Scott and wife, Marie V. Scott. Plaintiff alleged that he was the owner of the property in question and entitled to the immediate possession thereof, having purchased the same at a trustee's foreclosure sale under the power granted by a deed of trust containing a special provision creating the relation of landlord and tenant in the event of such foreclosure, and further alleged that the rental value of said property was the sum of $35.00 per month. Upon a trial of said cause in the justice court, defendants were adjudged guilty of forcible detainer. Judgment for possession of the property and for the sum of $21.00 for rents was accordingly rendered against defendants.

"Defendants appealed from the judgment of the Justice of the Peace to the County Court at Law of Harris County, where, upon an agreed statement of facts, set out below, judgment was rendered against defendants adjudging them guilty of forcible detainer and for the sum of $150.00 for rents due plaintiff.

"Defendants have appealed to this court, where the case is now pending. The agreed statement upon which the case was tried is as follows:

"'First. It is agreed that on the 20th day of January, 1931, the defendants for the purpose of refinancing the vendor's lien then existing on the following described property, viz.: Lots Nos. thirty seven (37), thirty eight (38) and thirty nine (39), in block No. two hundred seventy two (272), of Magnolia Park, a subdivision of the City of Houston, Harris County,

Texas, on the South side of Buffalo Bayou, together with the improvements thereon, known and described as No. 7910 South Hudson Street, Houston, Harris County, Texas, executed a deed of trust for the purpose of securing the payment of a note for Eighteen hundred and fifty ($1,850.00) dollars, conveying said property to Harry W. Freeman as Trustee, for the use of plaintiff. The deed of trust contains the following provisions:

" ' "It is further agreed that in the event of a foreclosure under the power granted hereby, the owner in possession of said property shall thereupon become the tenant at will of the purchaser at such foreclosure sale, and should such tenant refuse to surrender possession of said property upon demand, the purchaser shall thereupon be entitled to institute and maintain the statutory action for forcible detainer, and procure a writ of possession thereunder."

" 'That the defendants failed to pay the installments on the note so executed by them, wherefore the plaintiff, the owner and holder of the vendor's lien note, as well as the renewal note covered by said deed of trust, properly matured all of said obligations amounting to the sum of Nineteen hundred fifty three and 61/100ths ($1,953.61) dollars, and directed the said trustee, Harry W. Freeman, to sell the property, who accordingly did so in compliance with the terms stated in said deed of trust, which property was sold by said trustee on the first Tuesday in November, 1931, same being the third day of said month, and at said sale plaintiff became the purchaser of said property, he being the highest and best bidder therefor, and accordingly said trustee has executed a deed conveying the property above described to George W. Hewitt, plaintiff herein, who thereby became and is now the legal and record owner of said property, and entitled to the immediate possession thereof.

" 'That plaintiff, George W. Hewitt, made legal and proper demand, under the statutes governing forcible detainer, for the possession of said property after he had acquired same at foreclosure sale, and defendants having failed to surrender possession, plaintiff, George W. Hewitt, filed his action of forcible detainer in the Justice Court, Precinct No. 2, Harris County, Texas, in which action the defendants were found guilty of forcible detainer.

" 'That the property involved was the separate property of the defendant, Mrs. Marie V. Scott, at the time of the execution of the deed of trust, she being at that time a married woman. That if the plaintiff is entitled to maintain this action

of forcible detainer, then he is entitled under his pleadings and the admitted facts herein to recover the sum of $150.00 as the value of the rent of the premises involved in this suit since the third day of November, 1931, and since this suit was filed up to this date, and also the sum of $75.00 as reasonable attorney's fees.

" 'Second. It is further agreed that after the judgment of guilty was entered in the said forcible detainer case in the Justice Court, the defendants, within the time prescribed by law, appealed to the County Court at Law from such judgment by filing a proper appeal bond in said court where the case is now pending. The issues involved in said case are:

" '(a) Whether the paragraph quoted above relative to the creation of the relation of landlord and tenant between the purchaser at such foreclosure sale and the owner in possession is valid under the laws of this state, so that an action of forcible detainer may be instituted and maintained as is provided by said clause;

" '(b) Whether a married woman may lawfully bind herself by the execution and delivery of a deed of trust containing the clause above quoted and involved in this suit; and

" '(c) Whether the fact that the property involved was the separate estate of the married woman has any bearing upon the issues above set forth or in anywise gives her the right to defeat the same on her contention that the same constitutes an executory contract.'

"All parties to this suit have filed in this court a request to have the questions to be determined certified to the Supreme Court.

"In view of the fact that the questions to be determined have not been decided by any appellate court of this state, and as the final decision of such questions is of great importance, and as this court has final jurisdiction in the cause, we deem it advisable to certify to your Honors the following questions:

"First. Is the paragraph set out in the agreement of the parties relative to the creation of the relation of landlord and tenant between the purchaser at the foreclosure sale and the owner in possession valid under the laws of this state, so that an action of forcible detainer may be instituted and maintained in the court of a justice of the peace, as is provided in the paragraph referred to?

"Second. Could Marie V. Scott, one of the appellants, a married woman at the time of the execution and delivery of the deed of trust shown by the above agreed statement, lawfully

bind herself to abide by the terms of such deed of trust, it being admitted that at such time the property involved was her separate estate and her homestead?"

It was stipulated in the deed of trust that in the event of a foreclosure under the powers granted therein, the owner in possession of the property shall thereupon become the tenant at will of the purchaser at such foreclosure sale; and should such tenant refuse to surrender possession of said property upon demand, the purchaser shall be entitled to institute an action for forcible detainer and procure a writ of possession. It is also shown that the trustee sold said property in compliance with the terms embodied in the deed of trust, and deed was executed by the trustee conveying the property to George W. Hewitt, and that Hewitt thereby became, and is now, the legal and record owner of said property, and entitled to immediate possession thereof, and that Scott and wife refused to give possession of the property to Hewitt.

■ Scott and wife agreed that in the event of sale under the powers contained in the deed of trust, they would be tenants at will, and that the purchaser would be entitled to institute detainer proceedings. Scott and wife had the right to make such agreement, and it is binding on them. After the foreclosure, their rights stand strictly upon the relation of landlord and tenants at will. Willis v. Moore, 59 Texas, 628, 46 Am. Rep., 284. In other jurisdictions similar provisions have been upheld. See 35 C. J., p. 964; 16 R. C. L., pp. 545 and 1183.

■ If Scott and wife desire to attack the sale made under the deed of trust as being invalid, they may bring such suit in the district court for that purpose; but in a suit for forcible detainer, such action is not permissible. The Legislature has expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises, without resorting to an action upon the title. This action allowed by law is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this State. See Art. 3975 et seq., Vernon's Annotated Texas Statutes; Holcombe v. Lorino, 124 Texas, 446, 79 S. W. (2d) 307; 19 Tex. Jur., pp. 764, 765, 766, and 767.

Article 3975 in part reads as follows:

"A person shall be adjudged guilty of forcible detainer also in the following cases:

"1.   Where a tenant at will or by sufferance refuses, after demand made in writing as aforesaid, to give possession to the landlord after the termination of his will."

Article 3976 reads:

"A suit for rent may be joined with an action of forcible entry and detainer, wherever the suit for rent is within the jurisdiction of the justice court.   In such case the court, in rendering judgment in the action of forcible entry and detainer, may at the same time render judgment for any rent due the landlord by the renter; provided the amount thereof is within the jurisdiction of the justice court."

Article 3994 reads:

"The preceedings under a forcible entry, or forcible detainer, shall not bar an action for trespass, damages, waste, rent or mesne profits."

We answer Question No. 1, "Yes."

The second question involves the power of a married woman and her husband to bind themselves to become tenants at will when the property sold under foreclosure was the separate estate and homestead of the wife.

It is undisputed that original vendor's lien notes were outstanding against the property claimed by Mrs. Scott as her separate property and as her homestead, and that the vendor's lien notes were refinanced.   No contention is made that the vendor's lien notes are not valid and binding, and that the owner of the notes did not have the right to foreclose same, as was done.   The fact that it was her separete property and her homestead could not defeat foreclosure proceedings, and thereafter she would have no right to claim any title or interest in the premises.

By express agreement in the deed of trust, Mrs. Scott and her husband bound themselves, in the event of a foreclosure, to become tenants at will of the purchaser.   We know of no sound legal principle which would forbid Mrs. Scott, when joined by her husband, from stipulating that the purchaser of the premises at foreclosure proceedings would become the landlord, and that she and her husband would occupy the premises as tenants at will.

We answer Question No. 2, "Yes."

Opinion delivered February 5, 1936.
Rehearing overruled March 4, 1936.