McAllister, et al. *v.* Byrd.

Division B.   Dec. 10, 1951.

No. 38129 (55 So. (2d) 435)

Thos. **J. Wiltz,** for appellants.

744

W. L. Guice, for appellee.

## Roberds, P. J.

This is a forcible entry and detainer proceeding instituted by Byrd in a justice of the peace court to obtain possession from the McAllisters of a tract of 58 acres of land. Judgment was there rendered for Byrd for possession of the premises and $50.00 rent, or damages. The matter was heard by the circuit judge by agreement of the parties on appeal to that court. Judgment was there rendered for Byrd for possession and all costs. From that judgment this appeal is taken.

Byrd had sold the property to the McAllisters, who made a cash payment and executed to Byrd a promissory note for $5,100.00, balance of the purchase price, and a trust deed securing the note. The note was payable in

installments. The McAllisters defaulted in the installment payments, and, after notice to them, Byrd instructed the trustee to foreclose the trust deed, which was done, and at the sale Byrd was declared the purchaser. The McAllisters admitted default and that they detained possession of the premises. They defended on the ground the foreclosure was invalid because (1) the land was offered and sold by the trustee as one tract, whereas, as they claimed, it consisted of two tracts, and the trustee was under duty to offer them separately, and (2) Byrd did not actually appear at the sale and make a bid, and (3) the property was not legally advertised for sale.

The notices of sale and the trustee's deed appear to be regular and legal. Assuming, but not deciding, that in an action of this character and where the instruments appear to be regular and legal, the validity of the sale may be attacked, which is very doubtful. Scott v. Hewitt, 127 Tex. 31, 90 S. W. (2d) 816, 103 A. L. R. 977. ██ The evidence shows, as to the first contention, that the 58 acres constitute one tract.

██ On the second question, the proof is rather uncertain and confusing at just what stage of the sale of the property by the trustee Byrd appeared upon the scene. The sale had been delayed in the hope another prospective bidder would appear. Byrd had informed the trustee the amount he would bid and the trial judge could have found from the evidence that he appeared before the sale ended and before the trustee struck off the property. Since he upheld the validity of the sale we may properly assume he found as a fact that Byrd was present before the sale was closed. There was no other bidder although other persons may have been present. The trustee declared Byrd the bidder and struck the property off to him. It is not claimed there was any collusion between the trustee and Byrd, or the sale was not fair, or there was any fraud therein, or that the property did not bring a fair price at the sale.

■■ On the third point, the trust deed provided for notice of sale to be published and posted for twenty-one days prior to the sale. Section 888, Mississippi Code of 1942, requires such sales to be advertised by publication and posted notice for three successive weeks prior to the sale. Here publication of the notice of sale was made May 19, May 26, June 2 and June 9, 1950, and notice of the sale was posted continuously at the courthouse door May 19th to the date of sale, both giving notice the sale would be held June 12, 1950. This was a compliance with the trust deed and with the statute.

■■ Appellants' brief suggests there was no proof they were in possession of the premises. Byrd testified he notified them he had purchased the property at the foreclosure sale and they refused to move therefrom. In addition, the entire case was tried upon the assumption appellants had possession.

Affirmed.

Hall, J., took no part in the decision of this case.