NO. 07-06-0419-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 31, 2008

______________________________

TERRA XXI, LTD., TERRA PARTNERS, VEIGEL FARMS, INC., 

ROBERT W. VEIGEL, AND ELLA MARIE VEIGEL, APPELLANTS

V.

AG ACCEPTANCE CORPORATION, APPELLEE

_________________________________

FROM THE COUNTY COURT OF  DEAF SMITH COUNTY;

NO. CI-2006-04972; HONORABLE ROLAND SAUL, JUDGE

_______________________________

Before CAMPBELL, and PIRTLE, JJ. AND BOYD, S.J.
(footnote: 1)

DISSENTING OPINION

The majority opinion finds that, in the context of a forcible detainer proceeding following foreclosure of a deed of trust, where the opposing party contests the 
superiority
 of the right to possession based upon an allegation of wrongful foreclosure, a plaintiff (in this case Ag Acceptance) is not required to prove title but is only required to show “sufficient evidence of ownership to demonstrate [its] 
superior 
right to immediate possession.” (emphasis added).  Notwithstanding apparent authority to the contrary,
(footnote: 2)  where the 
superiority
 of Ag Acceptance’s right to immediate possession manifestly depends upon the validity of its trustee’s deed, an issue simultaneously being contested by a wrongful foreclosure proceeding in the district court, I fail to see how Ag Acceptance could ever meet its burden without title being an issue.  In cases involving a genuine issue of title, neither the justice court nor the county court on appeal has jurisdiction.  
Haith v. Drake, 
596 S.W.2d 194, 196 (Tex.Civ.App.–Houston [1
st
 Dist.] 1980, writ ref’d n.r.e.).  For these reasons, I would sustain Appellants’ first point of error, reverse the judgment of the trial court, and enter judgment dismissing the forcible detainer cause of action for want of jurisdiction.

Patrick A. Pirtle

      Justice

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. § 75.002(a)(1) (Vernon 2005).

2:
The majority opinion relies heavily upon this Court’s prior opinion in 
Terra XXI v. Ag Acceptance Corp.,
 No. 07-04-0325-CV, 2004 WL 2559940 (Tex.App.–Amarillo Nov. 10, 2004, pet. dism’d w.o.j.) (not designated for publication), to support its position that in order to prevail, in the context of a forcible detainer proceeding following foreclosure of a deed of trust where the opposing party contests the superiority of the right to possession based upon an allegation of wrongful foreclosure, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession.  That earlier opinion in turn relies heavily upon 
Villalon v. Bank One, 
176 S.W.3d 66, 70 (Tex.App–Houston [1
st
 Dist.] 2004, pet. denied), which in turn 
relies heavily upon 
Rice v. Pinney, 
51 S.W.3d 705, 709 (Tex.App.–Dallas 2001, no pet.).  Ultimately, 
Rice
 relies upon the Texas Supreme Court decision in 
Scott v. Hewitt, 
127 Tex. 31, 90 S.W.2d 816 (1936).  A review of that case reveals that it is 
not
 based upon an issue of wrongful foreclosure.