NO. 07-06-0419-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 31, 2008

_____

TERRA XXI, LTD., TERRA PARTNERS, VEIGEL FARMS, INC.,
ROBERT W. VEIGEL, AND ELLA MARIE VEIGEL, APPELLANTS

V.

AG ACCEPTANCE CORPORATION, APPELLEE

_____

FROM THE COUNTY COURT OF DEAF SMITH COUNTY;

NO. CI-2006-04972; HONORABLE ROLAND SAUL, JUDGE

_____

Before CAMPBELL, and PIRTLE, JJ. AND BOYD, S.J.[1]

**DISSENTING OPINION**

The majority opinion finds that, in the context of a forcible detainer proceeding

following foreclosure of a deed of trust, where the opposing party contests the *superiority*

of the right to possession based upon an allegation of wrongful foreclosure, a plaintiff (in

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon 2005).

this case Ag Acceptance) is not required to prove title but is only required to show "sufficient evidence of ownership to demonstrate [its] *superior* right to immediate possession." (emphasis added). Notwithstanding apparent authority to the contrary,[2] where the *superiority* of Ag Acceptance's right to immediate possession manifestly depends upon the validity of its trustee's deed, an issue simultaneously being contested by a wrongful foreclosure proceeding in the district court, I fail to see how Ag Acceptance could ever meet its burden without title being an issue. In cases involving a genuine issue of title, neither the justice court nor the county court on appeal has jurisdiction. *Haith v. Drake,* 596 S.W.2d 194, 196 (Tex.Civ.App.–Houston [1st Dist.] 1980, writ ref'd n.r.e.). For these reasons, I would sustain Appellants' first point of error, reverse the judgment of the trial court, and enter judgment dismissing the forcible detainer cause of action for want of jurisdiction.

Patrick A. Pirtle
Justice

---

[2]The majority opinion relies heavily upon this Court's prior opinion in *Terra XXI v. Ag Acceptance Corp.,* No. 07-04-0325-CV, 2004 WL 2559940 (Tex.App.–Amarillo Nov. 10, 2004, pet. dism'd w.o.j.) (not designated for publication), to support its position that in order to prevail, in the context of a forcible detainer proceeding following foreclosure of a deed of trust where the opposing party contests the superiority of the right to possession based upon an allegation of wrongful foreclosure, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. That earlier opinion in turn relies heavily upon *Villalon v. Bank One,* 176 S.W.3d 66, 70 (Tex.App–Houston [1st Dist.] 2004, pet. denied), which in turn relies heavily upon *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.–Dallas 2001, no pet.). Ultimately, *Rice* relies upon the Texas Supreme Court decision in *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816 (1936). A review of that case reveals that it is <u>not</u> based upon an issue of wrongful foreclosure.

2