NO. 07-10-00148-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
20, 2011

 



 

SHERRI CLARKSON, JOSEPH CLARKSON AND/OR ALL OTHER OCCUPANTS OF 2 REMINGTON
COURT,

RED OAK, TX 75154, APPELLANTS

 

v.

 

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC IMSC
MORTGAGE
TRUST 2007-HOA1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HOA1 UNDER

THE POOLING AND SERVICING AGREEMENT

DATED JUNE 1, 2007, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 1
OF ELLIS COUNTY;

 

NO. 09-C3855; HONORABLE GREG WILHELM, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

OPINION

Appellants, Sherri Clarkson, Joseph
Clarkson, and all other occupants of 2 Remington Court, Red
Oak, Texas 75154, appeal from the ruling of the trial court in a
forcible detainer action granting possession of the property at issue to appellee, Deutsche Bank. 
Appellants contend, through three issues, that the trial court erred in
granting possession to Deutsche Bank because: 1) Deutsche Bank did not comply
with Texas Property Code sections 24.002 and 24.005,[1]
2) the deed furnished did not support a prima
facie claim of title, and 3) there was no evidence that appellants
continued to occupy the property after demand to vacate was made.  We will affirm.

Factual and
Procedural Background

In 2006, the Clarksons
borrowed $341,500 secured by a deed of trust on the subject property.  Subsequently, in 2009, the property was
posted for foreclosure.  Deutsche Bank
purchased the property at public auction on July 7, 2009, and received a
substitute trustee’s deed to the property, which was subsequently filed in the
deed records of Ellis County, Texas. 
Deutsche Bank sent demand to vacate letters to appellants.  The letters advised appellants that they were
tenants at sufferance and that the property should be vacated within three days
or a forcible detainer action would be filed. 
Appellants did not vacate the property and Deutsche Bank filed suit for
forcible detainer.  After a hearing, the
justice court rendered judgment that Deutsche Bank was entitled to possession
of the property.  Appellants appealed the
ruling to the county court at law.  

The county court at law conducted a de novo trial of Deutsche Bank’s forcible
detainer action and granted possession to Deutsche Bank.  Appellants appeal this decision.  We affirm.

 

 

Forcible
Detainer

Initially, we observe that an action
for forcible detainer is designed to determine the right to immediate
possession of real property where there is no claim of unlawful entry.  See Williams v. Bank of New York
Mellon, 315 S.W.3d 925, 926 (Tex.App.—Dallas
2010, no pet.).  It is intended to be a
speedy, simple, and inexpensive means to obtain immediate possession of
property.  See Marshall v.
Housing Auth. of San Antonio, 198 S.W.3d 782, 787
(Tex. 2006).  Title to the property in
question is not at issue in a forcible detainer action.  See Scott v. Hewitt, 127 Tex.
31, 90 S.W.2d 816, 818-19 (1936).  Accordingly, the only issue is who will have
the right of immediate possession.  Williams,
315 S.W.3d at 927. 
In fact, whether or not a sale pursuant to a deed of trust is invalid
may not be determined in a forcible detainer action.  Id. 

As previously identified, appellants
bring forth three issues contesting the validity of the trial court’s judgment
granting possession to Deutsche Bank.  We
shall answer each in turn.

Compliance with Texas Property Code
and Prima Facie Claim

             Clarkson’s first two issues contend that the
trial court erred because Deutsche Bank failed to abide by the Texas Property
Code in two particulars.  Appellants’
first contention is that the demand for possession was not sent by the person
entitled to possession and, further, the notice that was sent was not in the
form required.  See Tex. Prop. Code Ann. §§ 24.002, 24.005.[2]  Appellants next contend that the substituted
trustee deed, through which Deutsche Bank claims title, was insufficient to
support a prima facie claim of
title.  This is so, according to
appellants, because the deed was not supported by an unqualified affidavit of a
person with personal knowledge.  See
§ 51.002(e) (West Supp. 2010).  

At the trial de novo, Deutsche Bank introduced an exhibit C which contains
copies of the demand to vacate notices that had been sent to each of the
appellants.  The demand letters were sent
certified mail, return receipt requested. 
Each letter is identified by a certified article number.  Contained within the exhibit is a
corresponding track and confirm receipt from the United States Postal Service
verifying that the specified certified article number was, in fact, delivered
to the address reflected on the mail envelope. 
Additionally, the sworn petition for the detainer actions contains a
sworn averment that three days notice was given to appellants.

The amended petition for possession,
that served as the basis for the judgment in favor of Deutsche Bank, contained
the affidavit of the attorney for Deutsche Bank in which the affiant swore that
he was the custodian of the records for the law firm and that all of the
records attached were maintained in the regular course of the law firm’s
business.  Attached to the petition was
the substitute trustee’s deed.  Additionally,
at the hearing in the trial court, the substitute trustee’s deed was offered
and admitted without objection.    

            By
attacking the notice to vacate and proof of the prima facie case to support the forcible detainer action,
appellants’ issues are actually attacking the underlying foreclosure
procedure.  See Williams, 315 S.W.3d at 927.  A
forcible detainer action is not the proper avenue to attempt such an action;
rather, the Clarksons should pursue those defects, if
any, in a wrongful foreclosure action or suit to set aside the substitute
trustee’s deed.[3]  See  Scott, 90 S.W.2d at
818-19.  Here, Deutsche Bank proved up
its right of possession by presenting evidence of the foreclosure, substitute
trustee’s deed, and notice to vacate the premises.  Accordingly, the trial court did not err in
overruling appellants’ objections based upon the alleged non-compliance with
the provisions of the Texas Property Code. 
Appellants’ first two issues are overruled.

Sufficiency of the Evidence

            Appellants’
third issue argues that there was no evidence to support the proposition that
they remained on the premises after being given notice to vacate.  The refusal to leave by a tenant at
sufferance after a foreclosure is one of the elements required to be proven in
a forcible detainer action.  See Goggins v. Leo,
849 S.W.2d 373, 377 (Tex.App.—Houston [14th
Dist.] 1993, no writ).  

            A
no evidence challenge requires a reviewing court to review all of the evidence
in the light most favorable to the verdict, crediting favorable evidence if a
reasonable fact finder could, and disregarding contrary evidence unless a
reasonable fact finder could not.  See City of Keller v. Wilson, 168 S.W.3d 802, 827
(Tex. 2005).  If more than a
scintilla of evidence exists in the record to support the finding, then the no
evidence challenge fails.  See Tarrant
Reg’l Water Dist. v. Gragg,
151 S.W.3d 546, 552 (Tex. 2004).  A scintilla of evidence is evidence so weak
that it creates no more than a surmise or suspicion of the existence of the
fact sought to be proven.  See Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601
(Tex. 2004).

            A
review of the record before the trial court reflects that the amended sworn
complaint alleges that appellants refused to vacate the premises after a
written demand to do so.  Further, the
clerk’s record reveals that appellants were served with the petition for
forcible detainer at the residences in question after the date the notice to
vacate was given.  In a factually similar
case, the Fifth District Court of Appeals held that where the complaint states
that the defendant was given notice to vacate the premises and further states
that he refused to do so, such facts are sufficient to demonstrate entitlement
to possession of the property.  Powelson
v. U.S. Bank Nat’l Ass’n, 125 S.W.3d 810, 811 (Tex.App.—Dallas 2004, no pet.).  The record before us provides more than a
scintilla of evidence that appellants refused to vacate the premises after
proper demand had been made to do so.  Tarrant
Reg’l Water Dist., 151 S.W.3d
at 552.  Accordingly, appellants’
third issue is overruled.  

Conclusion

            Having
overruled all of appellants’ issues, the judgment of the trial court is
affirmed.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 











[1] See Tex.
Prop. Code Ann. §§ 24.002
(West 2000), 24.005 (West Supp. 2010).





[2] Further reference to the Texas Property Code will be
by reference to “§ ___” or “section ___.”





[3] Any challenge to title in the property or wrongful
foreclosure would be claims held by the Clarksons,
rather than by the appellants in this forcible detainer action.