# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00064-CV

**Avery Setzer and Sanda Setzer, Appellants**

**v.**

**Branch Banking and Trust Company, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 11-1850-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Avery Setzer and Sanda Setzer appeal the trial court's judgment in a forcible detainer suit that awarded possession of certain real property to appellee Branch Banking and Trust Company. As a preliminary matter, appellee argues that this appeal has become moot because the Setzers voluntarily vacated the subject property before the execution of a writ of possession.

The purpose of a forcible detainer action is to obtain immediate possession of property. *See Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (1936). Judgment of possession in a forcible detainer action does not determine whether an eviction is wrongful but does determine the right to immediate possession. *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *see also* Tex. R. Civ. P. 510.3(e) ("only issue" before justice court in eviction cases is "right to actual possession and not title"). An appeal from the judgment in a forcible-detainer

action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Id*. at 787; *see Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (holding that case becomes moot if a controversy ceases to exist between the parties at any stage of the proceedings).

Here, the constable's return on the writ of possession for the subject property states that the "premises had been vacated prior to execution." Further, the Setzers did not respond to the appellee's argument that this appeal is moot and did not assert any potentially meritorious claim of right to current, actual possession of the property.[1] Accordingly, we dismiss this appeal as moot.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed as Moot

Filed: December 20, 2013

_____

[1] Additionally, the Setzers' brief references an unsuccessful suit in federal court on their wrongful foreclosure claims. *See Setzer v. Richards*, No. A-11-CA-214-LY, 2012 WL 32943, at *9 (W.D. Tex. Jan. 5, 2012) (magistrate's report and recommendation of dismissal to district court).