# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00324-CV

**Byron C. Wilder and Barbara A. Wilder, Appellants**

**v.**

**Citicorp Trust Bank, F.S.B., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-13-000849, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Byron C. Wilder and Barbara A. Wilder appeal a trial-court judgment in a forcible-detainer suit awarding Citicorp Trust Bank, F.S.B. (Citicorp Trust) possession of residential real property and attorneys' fees. In a single point of error, the Wilders contend that the trial court did not have subject-matter jurisdiction over the suit. We will affirm.

In 2003 the Wilders executed a deed of trust granting a first lien security interest in residential property, located in Austin (the Property), to Citicorp Trust. The deed of trust provided that:

> In the event any sale is made of [the Property], or any portion thereof [pursuant to a nonjudicial foreclosure sale under the deed of trust], Borrowers, their heirs and assigns, shall forthwith upon the making of such sale surrender and deliver possession of the property so sold to the Purchaser at such sale, and in the event of their failure to do so they shall thereupon from and after the making of such sale be and continue as tenants at will of such Purchaser, and in the event of their failure to surrender possession of said property upon demand, the Purchaser, his heirs or

assigns, shall be entitled to institute and maintain an action for forcible detainer of said property in the Justice of the Peace Court in the Justice Precinct in which such property, or any part thereof, is situated.

After the Wilders defaulted on the loan and failed to cure the default, the Property was sold to Citicorp Trust at a nonjudicial foreclosure sale conducted on April 3, 2012, by a substitute trustee. Citicorp Trust received a substitute trustee's deed memorializing the conveyance. Citicorp Trust, through its counsel, then sent written notices to the Wilders instructing them to vacate the Property and advising them that, if they failed to do so, Citicorp Trust would file a forcible-detainer suit against them for possession of the Property.

When the Wilders failed to vacate the Property, Citicorp Trust filed a forcible-detainer action in justice court against them. The justice court granted possession of the Property to Citicorp Trust in January 2013. The Wilders appealed the judgment to the county court at law. Following a de novo bench trial, the trial court rendered judgment granting Citicorp Trust possession. This appeal followed.

## DISCUSSION

In a single issue, the Wilders assert that the justice and county courts lacked subject-matter jurisdiction to adjudicate the forcible-detainer action.

A forcible detainer is a procedure to determine the right to immediate possession of real property when there is no unlawful entry. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). It is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title. *Id.* at 926-27

2

(citing *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)). To prevail in a forcible-detainer action, a party must only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. R. Civ. P. 746 (in forcible-detainer action "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated").[1]

At trial, Citicorp Trust introduced into evidence certified copies of the Wilders' deed of trust, the substitute trustee's deed granting the Property to Citicorp Trust following foreclosure, and notices sent by counsel for Citicorp Trust to the Wilders, who continued occupying the Property. The substitute trustee's deed reflected that Citicorp Trust purchased the property after the Wilders defaulted under the terms of the deed of trust. The deed of trust established that the Wilders became tenants at will when they failed to surrender and deliver possession of the Property to the purchaser, Citicorp Trust, after the nonjudicial foreclosure sale. The notices sent by Citicorp Trust to the Wilders informed them that their tenancy was being terminated and that they were required to vacate the Property. This evidence was sufficient to establish that CiticorpTrust had a superior right to immediate possession of the Property. *See Reardean v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *2 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.); *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App—Dallas 2011, pet. dism'd); *Williams*, 315 S.W.3d at 927.

---

[1] The Texas Supreme Court repealed Rule 746, effective August 31, 2013, when it promulgated new rules for justice courts, but the same limitation was retained in Rule 510.3(e). *See* Tex. R. Civ. P. 510.3(e) ("only issue" before justice court in eviction cases is "right to actual possession and not title").

The Wilders argue, however, that a suit they filed in district court challenging Citicorp Trust's title to the Property divested both the justice and county courts of jurisdiction to adjudicate the forcible-detainer action. The Wilders introduced into evidence at trial a document purporting to be a page from a letter sent to them pursuant to the Truth in Lending Act and informing them that, as of January 1, 2012, ownership of their loan had been transferred by Citicorp Trust to Citibank, N.A. Although the record does not contain any of the district court filings, presumably the Wilders base their challenge to Citicorp Trust's title on their understanding that its interest in the note and the deed of trust had been transferred to Citibank, N.A. prior to the nonjudicial foreclosure sale.[2] Relying on *Rice v. Pinney*, the Wilders argue that the existence of a title dispute arising from issues about the authority and capacity of the parties to the nonjudicial foreclosure sale that created the landlord-tenant relationship deprives the justice and county courts of jurisdiction. *See Rice*, 51 S.W.3d at 709 (justice and county court have no jurisdiction to enter judgment if right to immediate possession necessarily requires resolution of title dispute).

While in most disputes the right to title can be determined separately from the right to immediate possession, *see id.* at 710, it has been held that if the question of title is so intertwined with the issue of possession that the two issues cannot be decided separately, then possession may not be adjudicated without first determining title. *See Dormady v. Dinero Land & Cattle Co., L.C.*,

---

[2] The substitute trustee's deed conveying the Property to Citicorp Trust identifies Citicorp Trust as both the "original" and "current" mortgagee. We understand the Wilders' complaint about the nonjudicial foreclosure sale to be that it may have been conducted on behalf of an entity that was not at that time the "beneficiary" under the deed of trust. We note, however, that the foreclosure sale was apparently conducted by a substitute trustee with authority to conduct the sale, and the Wilders do not contend otherwise in this appeal.

4

61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). The Wilders contend that, in the present case, while the deed of trust purports to create a landlord-tenant relationship between them and Citicorp Trust, it does so only under circumstances when the nonjudicial foreclosure sale was conducted properly. In essence, the Wilders contend that questions regarding the propriety of the foreclosure process negate the landlord-tenant provision in the deed of trust and raise a question of title that must be adjudicated before the trial courts could reach the question of possession. In *Rice*, however, the Dallas Court of Appeals held that a landlord-tenant relationship created by a similar provision in a deed of trust "provided an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property." 51 S.W.3d at 712. This Court, applying the *Rice* analysis, has consistently held that defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession. *See, e.g.*, *Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741 (Tex. App.—Austin Dec. 4, 2013, no pet. h.) (mem. op.); *Reardean*, 2013 WL 4487512, at *2-3 (when foreclosure pursuant to deed of trust created landlord-tenant relationship, it was not necessary that trial court resolve title dispute to determine immediate right of possession, and collecting cases for principle that challenge to chain of title shall not be adjudicated in forcible-detainer action); *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *2-3 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.) ("[T]he substance of her argument is an attack on the validity of the foreclosure and sale through which Citicorp acquired the property—a challenge to Citimortgage's title that cannot be raised in

5

this proceeding."). In the present case as well, the landlord-tenant provision in the deed of trust created a landlord-tenant relationship between Citicorp Trust (the purchaser at foreclosure) and the Wilders (the parties in possession after foreclosure) and provided an independent basis to award immediate possession to Citicorp Trust without the need to resolve any title dispute. The Wilders' attack on the validity of the foreclosure sale through which Citicorp Trust acquired ownership of the Property—a challenge to Citicorp Trust's title—cannot be raised in this proceeding. We conclude that the justice and county courts had authority to adjudicate the forcible-detainer action. We overrule the Wilders' appellate issue.

## CONCLUSION

We affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: March 18, 2014

6