# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00770-CV

**Wanda McDonald, Appellant**

**v.**

**Federal National Mortgage Association, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY**
**NO. 13-1456-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Wanda McDonald appeals the trial court's judgment in a forcible detainer suit that awarded possession of certain real property to appellee Federal National Mortgage Association (FNMA). As a preliminary matter, FNMA argues that this appeal has become moot because McDonald failed to supersede the judgment and because FNMA obtained a writ of possession and has had possession of the property since the writ was executed. *See* Tex. Prop. Code § 24.007 (requiring supersedeas bond for stay of county court's judgment in eviction suit).

The purpose of a forcible detainer action is to obtain immediate possession of property. *See Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (1936). Judgment of possession in a forcible detainer action does not determine whether an eviction is wrongful but does determine the right to immediate possession. *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *see also* Tex. R. Civ. P. 510.3(e) ("only issue" before justice court in eviction cases is "right to actual possession and not title"). Failure to supersede a forcible-detainer judgment will

not divest appellant of the right to appeal, but the judgment may be enforced including the issuance of a writ of possession evicting the tenant from the premises. *Marshall*, 198 S.W.3d at 786-87. An appeal from a forcible-detainer action becomes moot if appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Id*. at 787.

Here, McDonald did not supersede the judgment and FNMA has had possession of the property since February 21, 2014, when the writ of possession was executed. FNMA filed a motion to dismiss the appeal, and this Court requested that McDonald file a response to FNMA's motion by March 10, 2014. McDonald failed to file any response, and as such, has not asserted a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Rady v. CitiMortgage, Inc.*, No. 03-11-00734-CV, 2012 Tex. App. LEXIS 1933, at *2 (Tex. App.—Austin Mar. 9, 2012, no pet.) (mem. op.) (concluding that appellant who failed to respond to appellee's motion to dismiss failed to assert potentially meritorious claim of right to current, actual possession of property).

Accordingly, we grant FNMA's motion and dismiss this appeal as moot.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed as Moot

Filed: April 10, 2014

2