**DISMISS, and Opinion Filed August 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00534-CV

**TYRONE CASON BEY, Appellant**
**V.**
**ASD FINANCIAL, INC., Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-01441-D**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Lewis

In a letter dated July 7, 2014, the Court questioned its jurisdiction over this appeal in a forcible detainer action. Specifically, it appears the appeal is moot because appellee now has possession of the property. We instructed appellant to file a letter brief explaining how this Court has jurisdiction and gave appellee an opportunity to file a response.

A case becomes moot if, at any stage during the proceedings, a controversy ceases to exist between the parties. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). The purpose of a forcible detainer action is to obtain immediate possession of property. *See Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936). A judgment of possession in a forcible detainer action determines the right to immediate possession and is not intended to be a final determination of whether the eviction is wrongful. *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006).

On July 3, 2014, the Court received a supplemental clerk's record containing a return of service showing the writ of possession had been executed. Appellant filed a jurisdictional brief and a reply to appellee's jurisdictional brief. In his jurisdictional brief, appellant merely states that this Court has jurisdiction over judgments from county courts at law and that he timely filed his notice of appeal. This argument does not address the mootness issue. In his reply, appellant counters that the property is "religious property" that was conveyed to a religious society. He contends that his right to religious freedom has been violated. Again, appellant's reply did not address our concern that the appeal is now moot because the issue of possession is no longer in controversy. Rather, his concerns focus on whether the eviction was wrongful. That determination is not part of a forcible detainer action. *See Marshall*, 198 S.W.3d at 787.

In its jurisdictional brief, appellee confirmed that it now has possession of the property. The issue of possession is no longer is controversy. Accordingly we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/David Lewis/
DAVID LEWIS
JUSTICE

140534F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TYRONE CASON BEY, Appellant

No. 05-14-00534-CV      V.

ASD FINANCIAL, INC., Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas.
Trial Court Cause No. CC-14-01441-D.
Opinion delivered by Justice Lewis.
Justices Fillmore and Evans, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, ASD FINANCIAL, INC., recover its costs of this appeal from appellant, TYRONE CASON BEY.

Judgment entered this 11th day of August, 2014.