**AFFIRMED; Opinion Filed June 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00681-CV

**FRITZ MANAGEMENT, LLC, Appellant**
**V.**
**HUGE AMERICAN REAL ESTATE, INC., Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-00657-D**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Myers

Fritz Management, LLC appeals the trial court's judgment awarding possession of a Burger King restaurant to the landlord, Huge American Real Estate, Inc., in Huge American's suit for forcible detainer. The trial court also awarded Huge American $30,000 for attorney's fees at trial plus additional amounts for appeal. Fritz brings two issues on appeal contending the evidence was legally and factually insufficient to support the court's award of possession of the premises and attorney's fees to Huge American. We affirm the trial court's judgment.

### BACKGROUND

In 2012, Fritz assumed as tenant the lease of property being used as a Burger King restaurant. The lease extended through 2022. The lease required the tenant to "operate a Burger King Restaurant on the premises in accordance with the terms of the Burger King Franchise Agreement." Burger King required its restaurants to be remodeled every seven to ten years. The

lease prohibited the tenant from making any alterations to the interior or exterior of the premises without the written consent of the landlord. The lease also required the tenant to submit the plans and specifications for the alterations and the contracts for materials and labor to the landlord for approval. Fritz performed an extensive remodel to the exterior and interior of the restaurant without obtaining Huge American's written consent and without submitting the plans, specifications, and contracts for materials and labor. After the alterations were completed, Huge American informed Fritz that it was in breach of the lease, and it terminated Fritz's right to possession of the premises without terminating the lease.[1] Huge American demanded that Fritz vacate the premises. When Fritz refused, Huge American brought suit for forcible detainer.

The justice court awarded possession of the property to Fritz. Huge American appealed to the county court at law, and after a trial before the court, the county court at law awarded possession to Huge American.

## STANDARD OF REVIEW

This case was tried before the court, and the court made findings of fact and conclusions of law. In an appeal from a nonjury trial, findings of fact carry the same weight as a jury's verdict and are reviewed under the same standards that are applied in reviewing evidence to support a jury's verdict. *Shaw v. County of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied). In evaluating the legal sufficiency of the evidence to support a finding, we view the evidence in the light most favorable to the finding, indulging every reasonable inference supporting it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We "must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Id.* at 827. The ultimate test is whether the evidence allows reasonable and

---

[1] Because Huge American did not terminate the lease, Fritz remained subject to the lease's requirement to pay rent for the remainder of the term of the lease.

–2–

fair-minded people to reach the finding under review. *See id.* Anything more than a scintilla of evidence is legally sufficient to support a challenged finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors*, 960 S.W.2d 41, 48 (Tex. 1998). In a factual sufficiency review, we view all the evidence in a neutral light and set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence such that the finding is clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Morris v. Wells Fargo Bank, N.A.,* 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.).

After a trial court enters its original findings of fact and conclusions of law, any party may request additional or amended findings and conclusions. TEX. R. CIV. P. 298. A trial court is required to enter additional findings only on ultimate or controlling issues. *Id.* An ultimate fact issue is one that is essential to the cause of action and that would have a direct effect on the judgment. *Hoffmann v. Dandurand*, 143 S.W.3d 555, 559 (Tex. App.—Dallas 2004 no pet.). A trial court is not required to make additional findings of fact that are unsupported in the record, that are evidentiary, or that are contrary to other previous findings. *Id.*

### FORCIBLE DETAINER

A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. TEX. PROP. CODE ANN. § 24.002(a)(2) (West 2014); TEX. R. CIV. P. 510.1;[2] *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (1936); *Rice*, 51 S.W.3d at 709. The trial court must adjudicate the right to actual possession of the property. TEX. R. CIV. P. 510.3(e).

---

[2] Although rule of civil procedure 510 is titled "Eviction Cases," it states that it applies to suits "to recover possession of real property under Chapter 24, of the Texas Property Code." Chapter 24 of the property code states, "Eviction suits include forcible entry and detainer and forcible detainer suits." *See* TEX. PROP. CODE ANN. § 24.004(a) (West 2014); TEX. R. CIV. P. 510.1.

In its first issue, Fritz contends the evidence is legally and factually insufficient to support the trial court's conclusion that Huge American was entitled to possession of the premises. As Fritz asserts, Huge American could not refuse to perform its responsibilities under the lease unless Fritz materially breached the lease. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) (per curiam) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance."). If Fritz's breach was not material, then Huge American would not be excused from future performance, that is, permitting Fritz to possess the premises. *See Levine v. Steve Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 654 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

Fritz argues that the trial court made a conclusion of law that the breach was material but that this conclusion was not supported by any findings of fact and that the trial court refused to make any findings of fact that Fritz specifically requested. Fritz asserts that because the trial court's conclusion of law that the breach was material was unsupported by any findings of fact, and because no findings of fact may be implied after the court refused to make requested findings, the trial court's judgment must be reversed. We disagree. The trial court's statement that the breach was material was a finding of fact, not a conclusion of law, regardless of the label the trial court placed on the statement. *See Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607, 608 n.1 (Tex. 1979) (trial court's designation of its statement as a conclusion of law is not controlling and appellate courts may treat it as finding of fact); *Examination Mgmt. Servs., Inc. v. Kersh Risk Mgmt., Inc.*, 367 S.W.3d 835, 844 (Tex. App.—Dallas 2012, no pet.) (whether breach is material is ordinarily question of fact). The finding that the breach was material was an ultimate, controlling finding of fact in this case. Fritz's requested findings that the trial court refused were evidentiary, and the trial court was not required to make them. *See Hoffman*, 143

–4–

S.W.3d at 559. Fritz's argument that the judgment must be reversed because the trial court refused to make additional findings lacks merit.

Fritz also contends the evidence did not support the trial court's finding that the breach was material. To determine whether a breach of contract is material, we consider the following circumstances:

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

> (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of the circumstances including any reasonable assurances; [and]

> (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Mustang Pipeline Co.*, 134 S.W.3d at 199 (quoting RESTATEMENT (SECOND) OF CONTRACTS § 241 (1981)). The Restatement lists two additional circumstances that are significant in determining when a party's duties are discharged under a contract due to the other party's material breach:

> (1) the extent to which it reasonably appears to the injured party that delay may prevent or hinder him in making reasonable substitute arrangements.

> (2) the extent to which the agreement provides for performance without delay, but a material failure to perform or to offer to perform on a stated day does not of itself discharge the other party's remaining duties unless the circumstances, including the language of the agreement, indicate that performance or an offer to perform by that day is important.

*Id.* (quoting RESTATEMENT (SECOND) OF CONTRACTS § 242 (1981)).[3]

---

[3] Although Fritz listed the circumstances concerning materiality of breach identified in *Mustang Pipeline* and the Restatement, Fritz did not argue all of them. We address only the arguments Fritz presents on appeal.

Fritz argues the altering of the premises without Huge American's consent did not deprive Huge American of its primary expected benefit—receipt of rental income. Fritz paid all the rent that was due as well as all other charges required under the lease.[4] However, the payment of rent is not relevant to whether Fritz's breach of altering the property without consent was a material breach.[5] The benefit Huge American expected from that provision in the lease was that it would have control over alterations to its building. By altering the building without Huge American's consent, Huge American had no way to protect itself from alterations that might damage the premises, shorten the building's lifespan, or alter the commercial profitability of the building. Huge American presented evidence that the commercial profitability of the building was changed because, after the remodel, the restaurant's sales declined thirty to forty percent, which Huge American blamed largely on the alterations to the building. Huge American also presented evidence that it wanted to control the alterations to the building because some types of alterations would shorten the building's lifespan and salability.

Fritz also argues that Huge American could anticipate the building would have to be remodeled during the term of the lease because Burger King required its restaurants be remodeled every seven to ten years. Although the fact that the premises would have to be remodeled may have been known to Huge American, that knowledge did not negate Huge American's expectation that Fritz would obtain Huge American's written consent to the alterations before modifying the building. Fritz points out that the lease required it to "make such reasonable alterations to the interior or exterior of the premises as may reasonably be requested by Lessor from time to time in order to modify the appearance of the building to

_____

[4] Fritz's rent included a percentage of the restaurant's sales, so the thirty to forty percent decline in sales after the remodel also affected Huge American's expected benefit from the lease of collecting the maximum rent possible.

[5] To the extent Fritz may be arguing that a breach of a non-monetary provision cannot be a material breach, Fritz cites no authority in support of this argument.

reflect the then current image of Burger King Restaurants." The lease then stated that Fritz could not make any "alteration, change, addition or improvement" to the premises without Huge American's prior written consent. These provisions permitted Fritz to make alterations to the premises only if the alterations were requested by Huge American or if Huge American expressly consented to the alterations in writing. The evidence is undisputed that Huge American did not request or consent in writing to the extensive remodeling Fritz performed. If Fritz had complied with these provisions, then Huge American could have controlled the nature and the extent of the remodeling.

Fritz also argues that the franchise agreement required Fritz to remodel the premises according to Burger King's "Current Image requirements," and that if Fritz had not remodeled the building as it did, then it would have been in breach of the franchise agreement. Huge American, however, presented evidence that Burger King would except otherwise required modifications if the building's owner refused to consent to the alterations.

Fritz also argues that the alterations of the building did not impair the value of the building but improved it. Fritz states that the alterations included redecorating the dining area, repairing a leaking roof, upgrading certain areas to comply with health regulations, and adding "decorative attachments" to the exterior of the building. Huge American, however, presented evidence that the alterations to the building, particularly the changes to the exterior of the building, would hurt Huge American's ability to lease the premises to tenants with other restaurant chains or to sell the building.

Fritz also asserts that the Huge American could be compensated in money damages for the harm or diminution in value of the premises and that money damages or a second renovation at the conclusion of the lease could make Huge American whole. However, the harm was not just the alterations to the building; it was also Fritz's failure to obtain Huge American's written

consent to the alterations, and Fritz's failure to submit the plans and specifications and the contracts for materials and labor to Huge American for its consent before beginning the modifications. Huge American's president, Sunil Dharod, testified that one of the reasons Huge American required its consent to alterations is so it could "minimize . . . redoing the building as much as possible." He testified that although the building might have a thirty-five or forty year lifespan, too many alterations of the building would require the building to be demolished sooner. Fritz's solution of renovating the building again to make up for the unauthorized renovation would shorten the building's lifespan further. The trial court could determine from this evidence that Huge American could not be adequately compensated for the loss of the benefit of being able to control alterations to the building.

Fritz also asserts that if its breach of the lease for failing to obtain Huge American's written consent to the alterations is treated as a material breach, then Fritz will be deprived of all further benefits of the lease as well as its investment in the premises while Huge American will reap a windfall. Fritz is correct that it will have forfeited its right to the property as well as its investment in renovating the premises, as provided by the lease. The lease expressly provided that all additions, improvements, fixtures, or appurtenances installed on the premises during the term of the lease become part of the premises and the property of Huge American. The trial court could find that the alterations to the building, together with the diminution in the lifespan of the building and the expense of restoring the exterior of the building, would mean the eviction of Fritz would not result in a windfall to Huge American.

After considering all the evidence, we conclude that Fritz has failed to show that no evidence supported the trial court's finding that Fritz's breach of the lease was material or that the trial court's finding was against the great weight and preponderance of the evidence.

Likewise, we conclude that Fritz has not shown the trial court erred by awarding possession of the premises to Huge American. We overrule Fritz's first issue.

## ATTORNEY'S FEES

In its second issue, Fritz contends the evidence was legally and factually insufficient to support the award of attorney's fees to Huge American. Section 24.006 governs the award of attorney's fees and costs in a suit for forcible detainer. *See* TEX. PROP. CODE ANN. § 24.006 (West 2014).

Fritz asserts that Huge American is not entitled to attorney's fees because section 24.006 provides that attorney's fees may be awarded only to a prevailing party, and Fritz argues that Huge American should not be a prevailing party based on its arguments in its first issue. *See id.* § 24.006(b). Because we have overruled Fritz's arguments in its first issue, Huge American remains a prevailing party in its suit for forcible detainer. Fritz's argument lacks merit.

Fritz also argues that Huge American is not entitled to attorney's fees because it did not provide the notice required by section 24.006(a). *See id.* § 24.006(a). However, section 24.006(b) provides that a prevailing landlord is entitled to recover reasonable attorney's fees from the tenant if the landlord either provided the notice required by section 24.006(a) "or if a written lease entitles the landlord to recover attorney's fees . . . ." *Id.* § 24.006(b). In this case, section 8.3(b) of the lease states that if the landlord terminates the lessee's right of possession but does not terminate the lease, then the lessor may relet the premises as lessee's agent. Out of any rent collected, the lessor "shall first pay to itself all expenses of every nature which Lessor may incur such as . . . those for attorneys' fees . . . ." If the lessor cannot collect rent sufficient to pay these amounts, then "the balance or deficiency shall, at the election of Lessor, be paid by the Lessee on the first of each month." This lease "entitles the landlord to recover attorney's fees."

*Id.* Therefore, Huge American was not required to prove that it provided the required notice under section 24.006(a).

We conclude Fritz has not shown the evidence is legally and factually insufficient to support the trial court's award of attorney's fees to Huge American. We overrule Fritz's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

140681F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

FRITZ MANAGEMENT, LLC, Appellant

No. 05-14-00681-CV     V.

HUGE AMERICAN REAL ESTATE, INC.,
Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-14-00657-D.
Opinion delivered by Justice Myers. Justices
Fillmore and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee HUGE AMERICAN REAL ESTATE, INC. recover its
costs of this appeal from appellant FRITZ MANAGEMENT, LLC.

Judgment entered this 30th day of June, 2015.