Juan DeLaGARZA, Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Appellee.

No. 05–04–00829–CV.

Court of Appeals of Texas,
Dallas.

July 14, 2005.

Rehearing Overruled Nov. 3, 2005.

Charles L. Hoedebeck, Charles L. Hoedebeck, P.C., Irving, for Appellant.

J. Mark Hansen, Vial Hamilton Koch & Knox, Dallas, for Appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a summary judgment, Juan DeLaGarza appeals the trial court's adverse judgment on his claims for damages and attorney's fees under former article 21.55 of the Texas Insurance Code [1] and his claim for attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. DeLaGarza argues there are material fact issues regarding State Farm Mutual Automobile Insurance Company's liability under article 21.55. DeLaGarza further argues that State Farm's motion for summary judgment did not address his claim for attorney's fees under section 38.001. State Farm responds that summary judgment was proper because the undisputed facts show the company met the requirements of article 21.55 and its motion for summary judgment proved DeLaGarza was not entitled to recover attorney's fees on any of the asserted grounds. We affirm the trial court's judgment.

## I.

Juan DeLaGarza was insured under a Texas Personal Auto Policy issued by State Farm Mutual Automobile Insurance Company. On October 18, 2002, DeLaGarza, through his attorney, sent State Farm a letter stating he had been injured in a car accident as a result of the negligence of an uninsured driver. The letter further stated State Farm was being given "formal notice" of DeLaGarza's claim for benefits under the personal injury protection and uninsured motorist provisions of his insurance policy.

On October 25, 2002, State Farm responded to DeLaGarza's letter acknowledging receipt of the claim and requesting supporting documentation including medical bills and the names and addresses of his medical providers. Six days later, State Farm sent a second letter to DeLaGarza asking for a signed authorization to release information relating to the uninsured motorist claim.

On March 6, 2003, State Farm received a letter enclosing DeLaGarza's medical records and bills. No signed authorization was included. The letter stated the "necessary and reasonable" medical charges

---

1. Article 21.55 was repealed by the Texas Legislature effective April 1, 2005. The current version of the statute is TEX. INS.CODE ANN. §§ 542.051–.061(Vernon Pamph.2004–5)

incurred by DeLaGarza totaled $9,604. The letter went on to state that "[b]ased upon the nature of the injuries, it is reasonable to assume that Mr. DeLaGarza will incur medical bills in the future due to episodes of pain." Finally, the letter demanded that State Farm tender payment of the $25,000 uninsured motorist protection policy limits to DeLaGarza in exchange for which DeLaGarza would release State Farm from any further liability on the claim.

State Farm responded to DeLaGarza's demand letter with a letter dated March 27, 2003. In the March 27 letter, State Farm stated it was "unable to accept" DeLaGarza's offer to settle the matter for $25,000. But based on the information State Farm had obtained to date, State Farm offered to settle the claim for $10,000. State Farm then stated that "[u]pon receipt of notice that your client accepts our offer, we will forward a payment draft to you within five business days." State Farm added that if DeLaGarza had any other information or documentation for them to consider in connection with his claim, it should be forwarded to the company as soon as possible. The record does not contain any notice sent by DeLaGarza indicating his willingness to settle his claims for $10,000, and DeLaGarza does not contend he ever accepted State Farm's offer. Indeed, State Farm's phone activity logs, which are in the summary judgment record, indicate that State Farm's offer to settle for $10,000 was verbally rejected on April 1 by a paralegal working with DeLaGarza's attorney.

During the course of the phone conversation on April 1, the paralegal advised State Farm that DeLaGarza had previously existing degenerative back problems exacerbated by his recent injury. State Farm asked for all prior records relating to DeLaGarza's medical condition before the accident. State Farm sent a letter the same day repeating its request for the additional information. On April 18, the paralegal sent State Farm a letter stating she had requested the additional records from DeLaGarza's family physician and would forward them to State Farm for review. When the records were not forthcoming, State Farm sent a second letter to DeLaGarza's attorney on May 19, 2003, requesting the information relating to DeLaGarza's earlier back problems. In this letter, State Farm stated its offer to settle the claim for $10,000 was still standing pending review of the additional information.

Rather than forwarding the medical records to State Farm, DeLaGarza filed this suit against the company on May 23, 2003. DeLaGarza asserted in his petition that he was entitled to both the full policy limits of $25,000 and additional damages and attorney's fees under article 21.55 of the Texas Insurance Code. Approximately three weeks after DeLaGarza filed suit, State Farm sent him a check for $10,000. After discovery was conducted, State Farm sent DeLaGarza a second check for $15,000 representing the balance of the benefits available to him under the policy.

Because the policy limits had been paid, the only claim left in the suit was for additional damages under article 21.55 for delay in handling and paying the claim. State Farm moved for summary judgment arguing the undisputed facts showed the company met all the requirements and deadlines for handling DeLaGarza's claim under article 21.55. State Farm also argued the company could not have failed to meet any deadlines for paying DeLaGarza's claim because DeLaGarza never established his entitlement to benefits under the policy. Specifically, State Farm contended there was no determination that DeLaGarza's injuries were caused by the negligence

of an uninsured driver and, therefore, State Farm's duty to pay uninsured motorist benefits never arose.

After State Farm moved for summary judgment, but before the hearing on the motion, DeLaGarza amended his petition to add a claim for attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. State Farm moved to strike the amended petition but did not receive a ruling on its motion. The trial court ultimately granted State Farm's motion for summary judgment and ruled that DeLaGarza take nothing by his claims. This appeal ensued.

## II.

DeLaGarza contends on appeal the trial court erred in granting summary judgment on his claim under article 21.55 of the Texas Insurance Code because the evidence did not conclusively establish that State Farm complied with the article's requirements. We disagree.

Article 21.55 sets forth deadlines by which insurance companies must acknowledge receipt of claim, commence an investigation, notify the claimant whether his claim has been accepted or rejected, and, if the claim is accepted, pay the claim. *See* Act of May 27, 1991, 72nd Leg., R.S., ch. 242, § 11.03, art. 21.55, 1991 Tex. Gen. Laws 1043–5, *repealed by* Act of May 20, 2003, 78th Leg., R.S., ch. 1274, § 26 2003 Tex. Gen. Laws 4138 (current version at TEX. INS.CODE ANN. sec. 542.051–.061 (Vernon Pamph.2004–5)). The evidence shows that DeLaGarza first notified State Farm of his claim under the policy on October 18, 2002. Under article 21.55, State Farm

was required to acknowledge receipt of the claim, begin an investigation, and request documentation from DeLaGarza within fifteen days. *Id.* at 1044. State Farm did this by letter dated October 25 in which State Farm stated it was reviewing the claim and needed DeLaGarza's medical records and bills.

DeLaGarza does not dispute he did not provide State Farm with any medical records or bills until March 3, 2003, when he sent some documentation to the company along with a demand letter for $25,000. State Farm received the demand letter and accompanying medical records on March 6. According to DeLaGarza, State Farm then had fifteen days to accept or reject his claim pursuant to section 3 of article 21.55.[2] *See id.* DeLaGarza suggests State Farm failed to meet this deadline because it did not respond to his demand letter until March 27, 2003, twenty-one days after State Farm received the demand letter. Even assuming State Farm's duty to accept or reject the claim was triggered by DeLaGarza's demand letter, the company met the deadline because it responded within fifteen *business days* as required by article 21.55. *See id.*

▆▆ DeLaGarza next argues that State Farm's March 27 letter offering to settle his claim for $10,000 was an outright "acceptance" of his claim under section 4 of article 21.55 thus requiring State Farm to send payment within five business days. Because State Farm did not send any payment until after this suit was filed, DeLaGarza argues State Farm failed to meet a mandatory deadline. In making this argu-

---

**2.** Section 3 of article 21.55 states "Except as provided by Subsections (b) and (d) of this section, an insurer shall notify a claimant in writing of the acceptance or rejection of the claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer, in order to secure final proof of loss." *See* Act of May 27, 1991, 72nd Leg., R.S., ch. 242, § 11.03, art. 21.55, 1991 Tex. Gen. Laws 1044.

ment, DeLaGarza ignores the clear language of section 4. Section 4 states:

> If an insurer notifies a claimant that the insurer will pay a claim *or part of a claim* under Section 3 of this article, the insurer shall pay the claim not later than the fifth business day after the notice has been made. *If payment of the claim or part of the claim is conditioned on the performance of an act by the claimant, the insurer shall pay the claim not later than the fifth business day after the date the act is performed.*

*See* Act of August 25, 1991, 72nd Leg., 2nd C.S., ch. 12, 1991 Tex. Gen Laws 320, *repealed by* Act of May 20, 2003, 78th Leg., R.S., ch. 1274, § 26 2003 Tex. Gen. Laws 4138 (current version at TEX. INS. CODE ANN. sec.542.057) (Vernon Pamph. 2004–5) (emphasis added). Section 4 allows an insurer to notify its insured that it is accepting only part of a claim and also allows payment of part of the claim to be conditioned on the performance of an act by the insured. *See id.* If payment is conditioned on the insured performing an act, such as signing a release or agreeing to settle for a lesser amount, the insurance company is not required to pay the claim until five business days after the act is performed. *See id.* Section 21.55 was not intended to eliminate an insurer's right to dispute all or part of an insured's claim. *See Menix v. Allstate Indem. Co.*, 83 S.W.3d 877, 884–5 (Tex.App.-Eastland 2002, pet. denied). The purpose of section 21.55 was merely to establish deadlines by which the insurance company had to act. *See id.*

In this case, State Farm's March 27 letter informed DeLaGarza that the company was accepting only part of his claim based on the information it had received to date. The letter further stated the company would forward payment within five business days *after* DeLaGarza notified

the company of his willingness to settle for the lesser amount. State Farm had the right under section 4 to dispute part of DeLaGarza's claim and to condition its payment of the accepted part of the claim on DeLaGarza sending the company notification of his willingness to settle. It is undisputed that DeLaGarza never sent State Farm any notice that he was willing to settle his claims for $10,000. Under the clear terms of section 4, therefore, State Farm did not fail to meet the deadline for making payment because the duty to send payment never arose.

■ Finally, DeLaGarza argues State Farm was not entitled to summary judgment on his claims under article 21.55 because the company did not show it sent the second payment of $15,000 within five business days of accepting the remainder of his claim. At the time State Farm made the $15,000 payment, however, DeLaGarza had already filed suit and alleged his claims under article 21.55. The second payment was made in an effort to resolve litigation rather than to satisfy an accepted claim. DeLaGarza cites no authority and makes no argument for the proposition that the deadlines established by article 21.55 apply to the litigation process. Absent persuasive argument or authority, we decline to extend the law in this manner. We conclude State Farm established it met all the deadlines and requirements of article 21.55 as a matter of law and the trial court properly granted summary judgment in favor of State Farm on this claim.

■ DeLaGarza also contends the trial court erred in dismissing his claim for attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code because it was not addressed in State Farm's motion for summary judgment. Because State Farm did not amend its motion for summary judgment after DeLa-

Garza filed his amended petition adding a claim under section 38.001, the motion for summary judgment did not specifically address DeLaGarza's newly asserted ground for recovering attorney's fees. This alone does not render the summary judgment improper, however. Although generally summary judgment may not be granted on a cause of action not addressed in the motion, it may be granted on a later pleaded cause of action if the grounds for summary judgment asserted in the motion show the plaintiff could not recover on the later pleaded claim. *See McIntyre v. Wilson*, 50 S.W.3d 674, 684–85 (Tex.App.-Dallas 2001, pet. denied).

To recover attorney's fees under section 38.001, DeLaGarza is required to show that the "just amount owed" on his claims was not tendered within 30 days after his claim was presented. TEX. CIV. PRAC. & REM.CODE ANN. § 38.002 (Vernon 1997). DeLaGarza argues he is entitled to attorney's fees under section 38.001 because State Farm did not pay him the full $25,000 in uninsured motorist benefits until more than nine months after he made his claim. In its motion for summary judgment, however, State Farm argued that DeLaGarza was not entitled as a matter of law to any uninsured motorist benefits under his insurance policy because he never established that an uninsured or underinsured driver negligently caused the accident that resulted in his alleged injuries. An insurer has no duty to pay uninsured or underinsured motorist benefits until there has been a determination of the liability of the uninsured or underinsured driver and the amount of damages suffered by the insured. *See Menix*, 83 S.W.3d at 885.

It is undisputed that DeLaGarza never established the liability of the uninsured motorist who allegedly caused the car accident made the basis of his insurance claim. It is also undisputed that there has never been a determination of the amount of damages suffered by DeLaGarza as a result of the accident. To the extent State Farm voluntarily undertook to pay DeLaGarza $10,000 of his uninsured motorist benefits, such payment was properly and timely tendered. Because DeLaGarza never established his entitlement to uninsured motorist benefits, State Farm's duty to pay benefits never arose, and there was no "just amount owed" as required for obtaining attorney's fees under section 38.001. *See id.* Accordingly, by proving it had no duty to pay DeLaGarza uninsured motorist benefits, State Farm's motion for summary judgment also established that DeLaGarza was not entitled to attorney's fees under section 38.001.

Based on the foregoing, we conclude the trial court properly granted summary judgment in favor of State Farm on DeLaGarza's claims under article 21.55 of the Texas Insurance Code and section 38.001 of the Texas Civil Practice and Remedies Code. We affirm the trial court's judgment.