**Juan DeLaGARZA, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 05–04–00829–CV.

Court of Appeals of Texas, Dallas.

Nov. 3, 2005.

Charles L. Hoedebeck, Charles L. Hoedebeck, P.C., Irving, Thad D. Spalding, Durham & Pittard LLP, Dallas, for appellant.

J. Mark Hansen, Vial Hamilton Koch & Knox, Dallas, for appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

### SUPPLEMENTAL OPINION ON REHEARING

Opinion by Justice MORRIS.

In his motion for rehearing, Juan DeLaGarza argues, among other things, that

our original opinion in this case conflicts with the recent Texas Supreme Court opinion in *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.* 150 S.W.3d 423 (Tex. 2004). To clarify why the two opinions are not in conflict, we issue this supplemental opinion on rehearing.

In our original opinion, we concluded that State Farm Mutual Automobile Insurance Company did not violate the prompt payment deadlines set by article 21.55 of the Texas Insurance Code because the deadline to send payment was never triggered. *See DeLaGarza v. State Farm Mut. Auto. Ins. Co.*, 175 S.W.3d 29, 32–33 (Tex.App.-Dallas 2005, no pet.h.) The record showed that State Farm accepted part of DeLaGarza's insurance claim based on the information DeLaGarza provided the company. *Id.* The record also showed that State Farm offered to pay DeLaGarza the portion of the claim it had accepted within five days of receiving notice that DeLaGarza was willing to settle for the undisputed amount. *Id.* Because DeLaGarza never notified State Farm that he was willing to accept the amount offered by the company, State Farm's obligation to send the money never arose. *Id.*

The Texas Supreme Court opined in *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.,* that an insurance company could not delay making a payment under article 21.55 by insisting on a release *"to which it is not ultimately entitled...."* *See Republic Underwriters,* 150 S.W.3d at 426 (emphasis added). Central to the Supreme Court's analysis was the idea that an insurance company could not force an insured to settle for less than he was legally entitled to receive by conditioning prompt payment on a release of the insurer's liability for further payment.

Contrary to the facts presented in *Republic Underwriters,* there was no showing in this case that DeLaGarza was legally entitled to more money than the partial payment State Farm offered in exchange for the release. Although State Farm ultimately paid DeLaGarza the full amount of his claim to settle the dispute, DeLaGarza never established that State Farm was legally obligated under the terms of his policy to pay him the full amount he claimed. Absent a showing State Farm was not entitled to the release it sought, the rationale in *Republic Underwriters* is inapplicable.

We **DENY** Juan DeLaGarza's **MOTION FOR REHEARING.**