FILED
February 10, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

# IN THE THIRD COURT OF APPEALS
## OF TEXAS AT AUSTIN

**************************************

No. 03-14-00404-CV

**KEVIN TOWER AND KARRIE LYNN TOWER,**
*Appellants,*

v.

**BANK OF AMERICA, N.A.**
Appellee.

**************************************

## APPELLANTS' BRIEF



**Kevin Tower**
**541 Bayou Bend,**
**Buda, Texas 78610**
**512-762-5639**
**PRO SE**

**Dated: February 6, 2015**



RECEIVED
FEB 0 6 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

# IDENTITY OF PARTIES AND COUNSEL

Appellants:                     Kevin Tower and Karrie Lynn Tower
                                541 Bayou Bend,
                                Buda, Texas 78610
                                Phone: (512) 762-5639
                                PRO SE

Appellee:                       Bank of America, N.A.

Attorney for Appellee:          Mr. Jonathan M. Williams
                                Marinosci Law Group, P.C.
                                14643 Dallas Parkway, Suite 750
                                Dallas, Texas 75254

# Table of Contents

TABLE OF AUTHORITIES ............................................................................................ 4

STATEMENT OF THE CASE ...................................................................................... 5

STATEMENT REGARDING ORAL ARGUMENT ............................................. 6

STATEMENT OF JURISDICTION ......................................................................... 6

STATEMENT OF FACTS ............................................................................................ 7

ISSUE 1: ............................................................................................................................... 9

ISSUE 2: ........................................................................................................................... 12

PRAYER ........................................................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

*A Plus Invs., Inc. v. Rushton*, 2004 Tex. App. LEXIS 3605 (Tex. App. Fort Worth Apr. 22, 2004) ...................9

*A Plus Investments, Inc. v. Rushton*, 2-03-174-CV, 2004 WL 868866 (Tex. App. Apr. 22, 2004)..........................11

*Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). ....................................12

*Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex.2005) ..........................................................10

*Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.)........10

*Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 789-90 (Tex. App. 2012). ........................................10

*Harris Cnty.Appraisal Dist. v. Houston 8th Wonder Prop., L.P.*, 395 S.W.3d 245, 252 (Tex. App. 2012).............12

*Leavings v. Mills*, 175 S.W.3d 30 1,3 10 (Tex. App. -Houston [1" Dist.] 2004, no pet.)....................................10

*Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976)........................................12

*McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex.1992). ...............................................................................12

*Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996). ...............................................12

*Millet v. JP Morgan Chase, N.A.*, 20 12 WL 1029497 at *3 (W.D. Tex. 2012)...............................................10

*Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex.App.-Houston [1st Dist.] 1995, writ denied)........10

*Nootsie, Ltd. v. Hays Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex.1996). ...............................................9

*Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 38 ........................................................................9

*Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).....12

*Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936)........................................................................10

## RULES

Tex.R. Civ. P. 746 ........................................................................................................................10

Texas Civil Practice & Remedies Code §51.012...................................................................................6

Tex.R.App. P. 44.1(a).....................................................................................................................12

Texas Rule of Evidence Rule 902(2)............................................................................................6, 7, 9, 11

Texas Rule of Evidence Rule 902(4)....................................................................................................11

Texas Rule of Evidence Rule 902(10)..........................................................................................6, 7, 9, 11

Texas LOCAL GOVT § 192.007 ........................................................................................................8

## OTHER AUTHORITIES

Adam J. Levitin, Georgetown University Law Center ..............................................................................5

## STATEMENT OF THE CASE

"The mortgage foreclosure crisis raises legal questions as important as its economic impact. Questions that were straightforward and uncontroversial a generation ago today threaten the stability of a $13 trillion mortgage market: Who has standing to foreclose? If a foreclosure was done improperly, what is the effect? And what is the proper legal method for transferring mortgages? These questions implicate the clarity of title for property nationwide and pose a too-big-to-fail problem for the courts. The legal confusion stems from the existence of competing systems for establishing title to mortgages and transferring those rights.

Historically, mortgage title was established and transferred through the "public demonstration" regimes of UCC Article 3 and land recordation systems. This arrangement worked satisfactorily when mortgages were rarely transferred. Mortgage finance, however, shifted to securitization, which involves repeated bulk transfers of mortgages.

To facilitate securitization, deal architects developed alternative "contracting" regimes for mortgage title: UCC Article 9 and MERS, a private mortgage registry. These new regimes reduced the cost of securitization by dispensing with demonstrative formalities, but at the expense of reduced clarity of title, which raised the costs of mortgage enforcement. This trade-off benefitted the securitization industry at the expense of securitization investors because it became apparent only subsequently with the rise in mortgage foreclosures. The harm, however, has not been limited to securitization investors. Clouded mortgage title has significant negative externalities on the economy as a whole."[1]

1. This is an appeal from the County Civil Court at Law Number Two (2), in Hays County, Texas, before Judge Linda Ann Rodriguez, regarding a final judgment after non-jury trial in favor of Appellee's regarding a forcible detainer and eviction filed on February 19, 2013.

2. This matter was first initiated in the Hays County Justice of the Peace, Precinct 5 wherein the Justice found for the Appellees, despite the fact that issues of standing and jurisdiction were raised, thereby divesting that court and the county court of jurisdiction. Being

---

[1] Adam J. Levitin, Georgetown University Law Center published on November 11, 2013 *Duke Law Journal, Vol. 63, pp 637-734 (2013)*

a court of no record, Appellants appropriately appealed the decision to the County Court at Law Number Two (2), Hays County, Texas.

3.   Appellants' central issues in this appeal are (i) that Judge Rodriguez abused her discretion after she allowed the Business Records Affidavit[2] with the Deed of Trust and Substitute Trustee's Deed into evidence despite being in violation of Texas Rules of Evidence 902(2)[3] and 902(10)[4], and (ii) the trial court erred in issuing an improper judgment and prevented the appellant from properly presenting its appeal.

## STATEMENT REGARDING ORAL ARGUMENT

1.   Oral argument in this matter is imperative so Appellants may accurately and clearly convey to the Court the efforts Appellant made to raise objections at the trial court of the prevalent issues with Appellee's standing.

2.   Further, Appellants must in person articulate the importance of the factual and procedural issues which exist regarding the standing argument.

## STATEMENT OF JURISDICTION

1.   This Court has jurisdiction of this appeal because Appellants appeal a Final Judgment from the Hays County, Texas County Court at Law, Texas Civil Practice & Remedies Code §51.012.

---

[2] CR 139 through 174

[3] A document purporting to bear the signature in the official capacity of an officer or employee of any entity included in paragraph (1) hereof, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine. TX R EVID Rule 902(2)

[4] The original or a copy of a record that meets the requirements of Rule 803(6) or (7), if the record is accompanied by an affidavit that complies with subparagraph (B) of this rule and any other requirements of law, and the record and affidavit are served in accordance with subparagraph (A). For good cause shown, the court may order that a business record be treated as presumptively authentic even if the proponent fails to comply with subparagraph (A). TX R EVID Rule 902(10)

## ISSUES PRESENTED FOR REVIEW

**Issue 1:** That Judge Rodriguez abused her discretion after allowing the Business Records Affidavit with the Deed of Trust and Substitute Trustee's Deed into evidence despite being in violation of Texas Rules of Evidence 902(2) and 902(10).

**Issue 2:** The trial court erred in issuing an improper judgment and prevented the Appellant from properly presenting its appeal.

## STATEMENT OF FACTS

1. The Appellants, purchased 541 Bayou Bend, Buda, Texas 78610 (the "Subject Property") on February 29, 2008, which is more formally described as;

> LOT 20, BLOCK R, WHISPERING HOLLOW SUBDIVISION, PHASE 1, SECTION 3, A SUBDIVISION IN HAYS COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 13, PAGE 325, OF THE PLAT RECORDS OF HAYS COUNTY, TEXAS.

2. Appellants entered into a loan repayment and security agreements on or about, February 29, 2008 with Standard Pacific Mortgage (hereinafter "SPM"). The loan allegedly required Appellants to repay a loan of $190,312.00[5] to SPM, respectively. The borrower was approved for financing and put $17,000 down towards the purchase[6]. The feature of the mortgage was structured using a 30-year fixed loan program where the principal loan payment was $1,080.57. The mortgage interest rate was set at 5.50%. The loans were purportedly secured by the Subject Property.

3. Each subsequent banking institution who has participated in, been assigned or been transferred rights, or holds a position or interest under this loan agreement, including Bank of America (hereinafter "BOA"), SPM, and Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), failed to perform their due diligence in investigating the legal

---

[5] CR 202 through 209

[6] Id.

requirements that this loan should have been processed within therefore failing to act in good faith. As a result, Appellee BOA now holds an interest in a loan that was improperly handled from its inception.

4.     The terms of the finance transaction with BOA and MERS is not clear or conspicuous, nor consistent, and are illegal, and include, for example, extremely high fees and costs to originate the loan and the immediate lack of equity that Appellants received. Further, Appellants were not in a position to qualify for the loan based upon his financial condition. Appellants were given a loan that was inappropriate under his circumstances. The loan was more expensive in terms of fees, charges and or interest rates than alternative financing for which Appellants could have qualified.

5.     It is believed that shortly after closing; Appellee BOA, SPM, and MERS pooled the Note with others and sold mortgage-backed securities. Appellee is now acting as the "Servicer" and attempting to foreclosure without the apparent power to do so because the Deed of Trust and the power of foreclosure were never transferred to Appellee or MERS. Further, pursuant to a Hays County deed records search, it appears that there is not an assignment of the trustee either (any notice of substitute trustee assignment), which constitutes a violation of Texas Local Government Code §192.007.

6.     Thereafter Appellee's attorneys initiated an eviction and have sued for forcible detainer with a hearing that was held on Thursday April 18, 2013 (Cause No. F13-002J5, Justice Of the Peace Precinct 5, Hays County, Texas). The County Court issued a judgment for BOA on April 11, 2014.[7]

---

[7] CR 240 through 242

**ISSUE 1:** **That Judge Rodriguez abused her discretion after allowing the Business Records Affidavit along with the Deed of Trust and Substitute Trustee's Deed into evidence despite being in violation of Texas Rules of Evidence 902(2) and 902(10).**

## ARGUMENT AND AUTHORITIES

7. The "standard of review" used by an appellate court to review a trial courts legal conclusions is de novo.[8] Here the trial court allowed a non certified copy of a Substitute Trustee's Deed and Deed of Trust as Plaintiff's Exhibits despite Appellants' attorney's objection to reliability[9] specifically because they were admitted based on a Texas Rule of Evidence Rule 902(2). The objection made was based on concerns that the Exhibits were not reliable and in violation of Texas Rules of Evidence 902(2) and 902(10).

8. As shown in the Deed of Trust the original Lender was SPM[10] and the Substitute Trustee's Deed[11] it does not show how MERS gained the right to possession as an Assignment was never presented giving authority and right to possession of the Note and Deed of Trust from SPM to Appellee. If this link cannot be affirmed or if "[t]here is no evidence in the record to support a link between [Appellee] and [Standard Pacific Mortgage] then this failure to connect the dots is fatal to [the case]."[12]

9. "A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy."[13] Capacity concerns

---

[8] However, we must apply a de novo standard of review to the trial court's legal conclusions because a trial court has no discretion in determining what the law is, which law governs, or how to apply the law. *Okorafor v. Uncle Sam & Assocs., Inc.,* 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

[9] RR Vol. 1 Page 5 Line 13-23; RR Vol. 1 Page 6 Line 7 through 10; RR Vol.1 Page 7 Line 13 through 23
[10] CR 202 through 209

[11] CR 154 through 156

[12] *A Plus Invs., Inc. v. Rushton,* 2004 Tex. App. LEXIS 3605 (Tex. App. Fort Worth Apr. 22, 2004)
[13] *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996).

---

whether a party has a personal right to come into court, not whether it has an enforceable right or interest.[14] Neither of these recorded documents presents evidence that valid transfers were made from SPM to MERS then to Appellee presenting the Court with a broken chain.

10. A forcible detainer is a procedure to determine the right to immediate possession of real property.[15] It was created to provide a speedy, simple, and inexpensive means to obtain possession without the necessity of a more expensive suit on the title.[16] The only issue in a forcible detainer action is which party has the right to immediate possession of the property; the merits of the title shall not be adjudicated.[17] "But factual disputes may arise when the party seeking to foreclose is not the original mortgagee, as is most often the case these days. In such cases the foreclosing party must be able to trace its rights under the security instrument back to the original mortgagee."[18] In order to enforce the note as a holder and move forward with foreclosure, a party who is not the original lender must prove "successive transfers of possession and endorsement establishing an "unbroken chain of title."[19] Thus, with certain exceptions, possession of the note is typically required in order for a holder to enforce it.[20] As is here the case, there is just no evidence of how the Current Mortgagee acquired its rights, in fact there is clear and convincing evidence of quite the contrary. If the Substitute Trustees Deed is Void then any interest Appellee had at the time of trial in the justice court would be void as well making Appellee lack standing to proceed with the cause of action.

11. Again, in *A Plus Investments, Inc. v. Rushton,* without a link between the original

---

[14] *Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 849 (Tex.2005) (citing 6A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2D § 1559, at 441); *Green Tree Servicing, LLC v. Woods,* 388 S.W.3d 785, 789-90 (Tex. App. 2012).

[15] *Dormady v. Dinero Land & Cattle Co.,* 61 S.W.3d 555, 557 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.).

[16] *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936).

[17] *See* Tex.R. Civ. P. 746; *Mitchell v. Armstrong Capital Corp.,* 911 S.W.2d 169, 171 (Tex.App.-Houston [1st Dist.] 1995, writ denied).

[18] *Leavings v. Mills,* 175 S.W.3d 30 1,3 10 (Tex. App. -Houston [1" Dist.] 2004, no pet.)."

[19] *Id.* at 310.

[20] *Millet v. JP Morgan Chase, N.A.,* 20 12 WL 1029497 at *3 (W.D. Tex. 2012).

lender and its successor the Court in this case said the failure to connect the dots was fatal to the purchaser's case and that the successor must have an order from the district court to have the right to foreclose on the home.[21] The Court there concluded that absent the right to foreclose, the successor could not transfer ownership to the purchaser and a triable issue of title would be created by documents indicating that the foreclosure was conducted by an entity that did not have permission to do so.[22]

12. Texas Rules of Evidence, 902(10), specifically requires that we have to have an individual that's a custodian of records that can speak to how these business records were made. Here the Business Records Affidavit[23] presents Sharon Vaughan of National Default Exchange as the affiant. Vaughn is not a custodian of records for Barrett Daffin and does not work for the firm and therefore the records attached are not business records whatsoever and are in violation of Texas Rules of Evidence 902(10) and are hearsay and should have been excluded from evidence.

13. Deeds of trust, substitute trustee's deeds, notices of assignment, notice of substitute trustee's assignment, those aren't business records; those are public records; those have to come in pursuant to Texas Rules of Evidence 902(2). As the Court is aware, Texas Rules of Evidence, 902(2), allows for those types of documents, public records, to come in under stamp or certification. Clearly the Business Records affidavit with the Deed of Trust and Substitute Trustee's Deed do qualify under this rule. They could have come in under Texas Rules of Evidence 902(4)[24] if they were certified by the Hays County Official Public Records Office but

---

[21] *A Plus Investments, Inc. v. Rushton*, 2-03-174-CV, 2004 WL 868866 (Tex. App. Apr. 22, 2004).
[22] *Id.*

[23] CR 139 through 140

[24] A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3)

---

again Appellee did not follow proper procedure and therefore the Business Records Affidavit with the Deed of Trust and Substitute Trustee's Deed should not have been allowed into the record of the trial court.

**ISSUE 2:**     **The trial court erred in issuing an improper judgment and prevented the Appellant from properly presenting its appeal.**

## ARGUMENT AND AUTHORITIES

14. The "standard of review" used by an appellate court to review a trial courts legal conclusions is de novo.[25] At trial, Appellees were allowed to present their evidence and argument, however Appellants were never presented with the same opportunity as Judge Rodriguez instead asked for time to look over all documents and "come to a decision" on the evidentiary objection.[26] Without allowing Appellants the opportunity to present their appeal the court was in error.

15. To reverse the judgment on appeal, Court must conclude that any error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting its appeal.[27] To make this determination, court must review the entire record.[28]

16. The fundamental requirement of due process is the opportunity to be heard at a

---

of this rule or complying with any statute or other rule prescribed pursuant to statutory authority. TX R EVID Rule 902(4)

[25] However, we must apply a de novo standard of review to the trial court's legal conclusions because a trial court has no discretion in determining what the law is, which law governs, or how to apply the law. *Okorafor v. Uncle Sam & Assocs., Inc.,* 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)

[26] RR Vol. 1 Page 15 Line 6 though 8

[27] Tex.R.App. P. 44.1(a)

[28] *See, e.g., McCraw v. Maris,* 828 S.W.2d 756, 758 (Tex.1992); *Harris Cnty. Appraisal Dist. v. Houston 8th Wonder Prop., L.P.,* 395 S.W.3d 245, 252 (Tex. App. 2012).

meaningful time and in a meaningful manner.[29] A review of the Reporter's Record will show that the Appellants were never given a fair opportunity to present evidence of their own to prove their superior right to possession over the Appellee or to disprove any of the four established elements of the causes of action of forcible detainer. To disallow this right to submit evidence and or to cross examine the Appellee created a fatal flaw one which flies in the face of the right Due Process guarantees to all litigants.

## PRAYER

WHEREFORE, Appellant respectfully requests:

1.     That this Court vacate the trial court's judgment and dismiss the case, or, in the alternative,

2.     That this Court reverse the trial court's judgment and remand the case for further proceedings, or, in the alternative,

3.     That this Court reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered, or, in the alternative,

4.     That this Court modify the trial court's judgment as set forth above and affirm as modified, and,

5.     That this Court award costs, including preparation costs for the clerk's record and the reporter's records, to Appellants, and

6.     That this Court release Appellants' cash bond with interest from the date of deposit, or, in the alternative, that this Court remand this cause with specific instructions to the trial court to immediately release Appellants' cash bond with

---

[29] *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)); *Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996).

interest from the date of deposit, and,

7.      For such other and further relief as this Court deems just and proper.

Respectfully submitted:

KEVIN A. TOWER
Pro Se

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this brief (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 3,627.

KEVIN A. TOWER

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6<u>th</u> day of February 2015, a true and correct copy of the foregoing was served as stated below pursuant to the Texas Rules of Civil Procedure.

Mr. Jonathan M. Williams
Marinosci Law Group, P.C.
14643 Dallas Parkway, Suite 750
Dallas, Texas 75254
(972) 331-5240

☐ Electronic File via ProDocEfile.com
☒ Confirmed Facsimile
☐ Hand Delivery
☐ Regular U.S. Mail
☐ CMRRR

_____
KEVIN A. TOWER